UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBIN BROU-HATHEWAY                       CIVIL ACTION NO: 05-2444

VERSUS                                         SECTION; B(4)

LSU HEALTH SCIENCES CENTER

## ORDER

Before the Court is Plaintiff, Robin Brou-Hatheway's Motion to Alter or Amend Judgment and/or for a New Trial (Rec. Doc. No. 26).  For the following reasons and for purposes of clarification of the Court's August 30, 2006 order (Rec. Doc. No. 24),

**IT IS ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

## Background

The instant action arises out of Defendant's, LSU Health Sciences Center ("LSU Center"), failure to renew Plaintiff's, Robin Brou-Hatheway ("Hatheway"), one-year term contract.  Plaintiff was hired by the LSU Center on July 29, 2003 effective August 1, 2003 through July 31, 2004. Her contract was purportedly to renew annually based upon state funding and satisfactory performance. Plaintiff was provided notification of non-renewal on June 7, 2004, which allegedly violates LSU Center's employment handbook's requirement of 90-day notification, giving rise to Plaintiff's breach of contract claim. (Rec. Doc. No. 10 at ¶ VIII). Plaintiff avers she was unable to find employment for the subsequent school year due to Defendant's failure to notify. (Rec. Doc. No. 10 at ¶ VIII).  Plaintiff further alleges wrongful termination and hostile work environment on the basis of her race, Caucasian, in violation of Title VII of the Civil Rights Act of 1664, 42 U.S.C. § 2000e et seq., and the Louisiana Employment Discrimination Law, LSA-R.S. 23-332. (Rec. Doc. No. 10 at ¶¶ I & XII).

In its August 30, 2006 order (Rec. Doc. No. 24), the Court denied Defendant's Motions

to Dismiss (Rec. Doc. Nos. 7 &12) as they pertain to Plaintiff's employment discrimination claim (Rec. Doc. No. 24 at 10-12).  In contrast, although the Court discussed only *one* of three of Plaintiff's contract claims in its analysis, the Court granted Defendant's motions to dismiss as they pertain to "Plaintiff's state law breach of contract claim<u>s</u>."  (Rec. Doc. No. 24 at 6-10, 12) (emphasis added).  Specifically, the Court only analyzed Plaintiff's claim that Defendant breached the employment contract by failing to provide 90-days notice of non-renewal of the one year contract, as stipulated in the employee handbook.   As a result, Plaintiff requests the Court to alter or amend its August 30, 2006 order to deny Defendant's motions to dismiss as they pertain to Plaintiff's two additional breach of contract claims that do not relate to the employee handbook.  In addition, Plaintiff seeks reconsideration of the Court's order granting Defendant's motions as they pertain to the failure to provide 90-days notice of non-renewal breach of contract claim.

## Law and Analysis

### A. Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. <u>Bass v. United States Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000).  The Fifth Circuit has held that a motion for reconsideration, provided it challenges the judgment on the merits, is to be treated as either "a motion to 'alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." <u>Lavespere v. Niagra Machine & Tool Works, Inc.</u>, 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069 (5th Cir. 1994).  Motions for reconsideration received within 10 days of judgment are treated under Rule 59(e) of the Federal Rules of Civil Procedure; motions for reconsideration received more than 10 days after judgment are treated under Rule 60(b) of the Federal Rules of Civil Procedure.

Dial One of the Mid-South, Inc. v. BellSouth Telecom., Inc., 401 F.3d 603, 606 (5th Cir. 2005); *Bass*, 211 F.3d at 962.  Plaintiff's motion for reconsideration was filed within 10 business days of judgment, excluding federal holidays, and, thus, will be treated under Rule 59(e).

"A court has considerable discretion to grant or deny a motion under Rule 59(e)."  Flynn v. Terrebonne Parish Sch. Bd., 348 F. Supp. 2d 769, 771 (E.D. La. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).  Reconsideration of a prior order is an extraordinary remedy that should only be used sparingly.  Flynn, 348 F. Supp. 2d at 771, citing Fields v. Pool Offshore, No. 97-3170, 1998 U.S. Dist. LEXIS 1122, at *6 (E.D. La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999); Bardwell V. George C. Sharp, Inc., No. 93-3590, 1995 U.S. Dist. LEXIS, at *2 (E.D. La. Aug. 30, 1995).  In considering a Rule 59 motion, courts balance the need to bring litigation to an end and the need to render a just decision based on all facts.  Lavespere, 910 F.2d at 174.  Generally, a Rule 59(e) motion may be granted to correct a manifest error of law or fact, to allow a party to present newly discovered evidence that was previously unavailable, or to prevent manifest injustice.  Fidelity & Deposit Co. of Maryland v. Omni Bank, No. 99-1167, 1999 WL 970526, at *3 (E.D. La. Oct. 21, 1999).  "A Rule 59(e) motion cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered."  Id., citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) and Tauzier v. Dodge, No. 97-2444, 1998 WL 458184, at *1 (E.D. La. Aug. 4, 1998).

### B. Reconsideration and Clarification

With respect to Plaintiff's breach of contract claim for failure to provide 90-days notice of non-renewal of the one year contract, as stipulated in the employee handbook, the arguments presented do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule

59(e) relief.  The plaintiff has failed to show that the court must correct a manifest error of law or fact, that she has newly discovered or previously unavailable evidence, that the court must prevent a manifest injustice, or that an intervening change in controlling law has occurred since the time of the ruling.

Regarding Plaintiff's *other two* breach of contract claims, which reference only the terms of the employment contract and the Defendant's breach of those terms, and not the handbook, it is premature to grant Defendant's 12(b)(6) motions to dismiss at this time.  Although these claims may ultimately be disposed of via summary judgment, viewing the alleged facts in a light most favorable to Plaintiff, she has stated a claim upon which relief can be granted.

Thus, the Court's August 30, 2006 order (Rec Doc. No. 24) is hereby amended to grant Defendant's motions to dismiss as they pertain solely to Plaintiff's failure to provide 90-days notice of non-renewal breach of contract claim.  For the reasons stated,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and/or for a New Trial (Rec. Doc. No. 26) is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 12th day of December, 2006.

IVAN L.R. LEMELLE
UNITED STATES JUDGE